AB:MWG

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK

- - - - - - - - - - - - - - - - - X

| | |
|---|---|
| UNITED STATES OF AMERICA<br><br>- against -<br><br>JEVONE MCILWAIN,<br><br>             Defendant. | COMPLAINT AND AFFIDAVIT IN SUPPORT OF APPLICATION FOR AN ARREST WARRANT<br><br>(T. 18, U.S.C., § 922(g)(1))<br><br>20-MJ-429 |

- - - - - - - - - - - - - - - - - X

EASTERN DISTRICT OF NEW YORK, SS:

      STEPHEN LALCHAN, being duly sworn, deposes and states that he is a Detective with the New York City Police Department ("NYPD"), duly appointed according to law and acting as such.

      Upon information and belief, on or about June 4, 2020, within the Eastern District of New York, the defendant JEVONE MCILWAIN, knowing that he had previously been convicted in a court of one or more crimes punishable by a term of imprisonment exceeding one year, did knowingly and intentionally possess in and affecting commerce a firearm, to wit: a .380 caliber Hi-Point firearm bearing serial number P735839.

      (Title 18, United States Code, Section 922(g)(1))

The source of your deponent's information and grounds for his belief are as follows:[1]

1.       I am a Detective with the NYPD and have been involved in the investigation of numerous cases involving firearms offenses. I am currently assigned to the Criminal Enterprise Investigations Unit, Violent Gang Task Force. I am familiar with the facts and circumstances set forth below from my personal involvement in this investigation, my review of documents, records and reports, and from reports made to me by other law enforcement officers and personnel. Where I describe the statements of others, I am doing so only in sum and substance and in part.

2.       On or about June 4, 2020, at approximately 1:25 a.m., Officer-1 and Officer-2[2] of the NYPD responded to a report of a possible gunshot fired near the intersection of Central Avenue, DeKalb Avenue, and Myrtle Avenue in the Bushwick neighborhood of Brooklyn, New York.

3.       Officer-1 and Officer-2 encountered several civilian witnesses at the scene. One witness told the officers, in sum and substance, that he had heard a gunshot and saw an African-American male wearing shorts, a white t-shirt, and a white hat running down the street. Another witness said, in sum and substance, that he had seen an African-

---

[1] Because this affidavit is being submitted for the limited purpose of establishing probable cause to arrest, I have not set forth each and every fact I have learned during the course of this investigation.

[2] Because multiple law enforcement personnel were involved in the incident, I refer to the officers as Officer-1 and Officer-2 for ease of reference. The identities of each of these individuals are known to the affiant, and I have interviewed Officer-1 and Officer-2 about the events set forth herein.

American male fire a gun in the air near the intersection of Central Avenue, DeKalb Avenue, and Myrtle Avenue.

4. Officer-1 and Officer-2 began to drive around the area in search of the shooter. Within minutes, as they were driving westbound on Myrtle Avenue toward Evergreen Avenue in an unmarked police car, Officer-1 and Officer-2 observed the defendant JEVONE MCILWAIN walking northbound on Evergreen Avenue. MCILWAIN is an African-American male, and he was wearing shorts, a white t-shirt, and a white hat.

5. Officer-1 stopped the police car on Evergreen Avenue within fifteen feet of the defendant, who was standing to the right of the car on the east side of the sidewalk. At that point, the defendant turned around and faced Officer-1 and Officer-2. Officer-1 and Officer-2 observed a black and gray firearm in the defendant's right hand. Initially, the defendant's right hand was at his side, but he began to move his right hand up toward his waist.

6. Immediately, Officer-1 and Officer-2 exited the police car. Officer-2, who exited the passenger's side of the police car, was standing within five feet of the defendant. Officer-2 (who was in police uniform) told the defendant, in sum and substance, to drop the gun. The defendant threw the gun in his hand at the ground toward the front of the police car, near where Officer-1 was standing.

7. Officer-1 and Officer-2 arrested the defendant at the scene. After Officer-1 and Officer-2 placed the defendant in handcuffs, Officer-2 recovered from his left shorts pocket a firearm magazine containing one bullet and a clear jar containing approximately 41 clear plastic packages of a substance that appeared to be crack cocaine.

8. Thereafter, Officer-1 and Officer-2 recovered the gun that the defendant had thrown on the street. The gun was a .380 Hi-Point firearm bearing serial number P735839 (the "Firearm"). According to an interstate nexus expert from ATF, I know that the Firearm was manufactured outside the State of New York.

9. Law enforcement also recovered video surveillance from a location near the intersection of Central Avenue, DeKalb Avenue, and Myrtle Avenue. That video surveillance, which I have reviewed, shows the defendant firing the Firearm in the air on or about June 4, 2020, 1:18 a.m. and walking away from the scene with the Firearm in his right hand.

10. I have also reviewed the defendant's criminal history records and have determined that, on or about September 2, 2014, in the Supreme Court of the State of New York, Kings County, the defendant was convicted of attempted assault in the first degree, in violation of New York Penal Law § 120.10, a felony punishable by a term of imprisonment of more than one year. The defendant was sentenced to an indefinite term of 61 to 72 months' imprisonment.

WHEREFORE, your deponent respectfully requests that an arrest warrant be issued for the defendant JEVONE MCILWAIN so that he may be dealt with according to law.

                                                                                                            Det _____ #6416
                                                                                                            STEPHEN LALCHAN
                                                                                                            Detective
                                                                                                            New York City Police Department

Sworn to before me by telephone this
11th day of June, 2020

    /s Roanne L. Mann
_____
THE HONORABLE ROANNE L. MANN
UNITED STATES MAGISTRATE JUDGE
EASTERN DISTRICT OF NEW YORK

AO 442 (Rev. 11/11) Arrest Warrant

# UNITED STATES DISTRICT COURT
for the

Eastern District of New York

| | | |
|---|---|---|
| United States of America<br>v.<br>JEVONE MCILWAIN<br><br>*Defendant* | ) ) ) ) ) ) ) | Case No.  20-MJ-429 |

## ARREST WARRANT

To: Any authorized law enforcement officer

**YOU ARE COMMANDED** to arrest and bring before a United States magistrate judge without unnecessary delay
*(name of person to be arrested)* JEVONE MCILWAIN ,
who is accused of an offense or violation based on the following document filed with the court:

☐ Indictment  ☐ Superseding Indictment  ☐ Information  ☐ Superseding Information  ☑ Complaint
☐ Probation Violation Petition  ☐ Supervised Release Violation Petition  ☐ Violation Notice  ☐ Order of the Court

This offense is briefly described as follows:

Felon-in-possession of a firearm
Title 18, United States Code, Section 922(g)(1)

Date: 06/11/2020

/s Roanne L. Mann
*Issuing officer's signature*

City and state:  Brooklyn, New York

Hon. Roanne L. Mann, U.S.M.J.
*Printed name and title*

**Return**

This warrant was received on *(date)* _____, and the person was arrested on *(date)* _____
at *(city and state)* _____.

Date: _____

_____
*Arresting officer's signature*

_____
*Printed name and title*

AO 442  (Rev. 11/11)  Arrest Warrant (Page 2)

**This second page contains personal identifiers provided for law-enforcement use only and therefore should not be filed in court with the executed warrant unless under seal.**

*(Not for Public Disclosure)*

Name of defendant/offender: 

Known aliases: 

Last known residence: 

Prior addresses to which defendant/offender may still have ties: 

Last known employment: 

Last known telephone numbers: 

Place of birth: 

Date of birth: 

Social Security number: 

Height:                                          Weight: 

Sex:                                              Race: 

Hair:                                             Eyes: 

Scars, tattoos, other distinguishing marks: 

History of violence, weapons, drug use: 

Known family, friends, and other associates *(name, relation, address, phone number)*: 

FBI number: 

Complete description of auto: 

Investigative agency and address: 

Name and telephone numbers (office and cell) of pretrial services or probation officer *(if applicable)*: 

Date of last contact with pretrial services or probation officer *(if applicable)*: